THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RAYMOND DREGER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PROGRESSIVE LEASING LLC,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING [19] PLAINTIFFS' JOINT MOTION TO CONSOLIDATE RELATED ACTIONS**<br><br>Case No. 2:23-cv-00783-DBB-CMR<br><br>District Judge David Barlow |

Before the court is Plaintiffs' Joint Motion to Consolidate Related Actions pursuant to Federal Rule of Civil Procedure 42.[1] Plaintiffs Raymond Dreger, Jodi Bell, Tyler Whitmore, Ralph Maddox, Nazia Pierce, Chad Boyd, Richard Guzman, Stephen Hawes, Marty Alexander, Melanie Williams, Joey Diaz, and Laura Robinson, in their individual capacity and on behalf of all others similarly situated (collectively "Plaintiffs"), move the court to consolidate ten putative class actions[2] and recaption the matter *In re Progressive Leasing Data Breach Litigation*, No. 2:23-cv-00783.[3] For the reasons below, the court grants Plaintiffs' motion.

---

[1] Pls.' Joint Mot. to Consolidate Related Actions ("Mot. to Consolidate"), ECF No. 19, filed Dec. 14, 2023.
[2] *Dreger v. Progressive Leasing LLC*, No. 2:23-cv-00783 (D. Utah filed Oct. 27, 2023); *Bell v. Progressive Leasing*, No. 2:23-cv-00787 (D. Utah filed Oct. 30, 2023); *Whitmore v. Progressive Leasing, LLC*, No. 2:23-cv-00792 (D. Utah filed Oct. 31, 2023); *Maddox v. Prog Leasing, LLC*, No. 2:23-cv-00797 (D. Utah filed Nov. 2, 2023); *Pierce v. Progressive Leasing*, No. 2:23-cv-00799 (D. Utah filed Nov. 2, 2023); *Boyd v. Prog Leasing LLC*, No. 2:23-cv-00800 (D. Utah filed Nov. 2, 2023); *Guzman v. Prog Leasing, LLC*, No. 2:23-cv-00813 (D. Utah filed Nov. 7, 2023); *Hawes v. Progressive Leasing*, No. 2:23-cv-00821 (D. Utah filed Nov. 8, 2023); *Alexander v. Progressive Leasing*, No. 2:23-cv-00823 (D. Utah filed Nov. 9, 2023); *Williams v. Prog Leasing, LLC*, No. 2-23-cv-00837 (D. Utah filed Nov. 15, 2023).
[3] Pursuant to District of Utah Local Rule of Civil Practice 42-1(b), the motion to consolidate must be filed in the lower-numbered case.

1

**BACKGROUND**

The cases involve the same relevant background. Progressive is a Utah company that provides nationwide lease-to-own services.[4] To receive these services, individuals give Progressive certain sensitive personally identifiable information ("PII").[5] Plaintiffs assert that Progressive "created, collected, and stored" putative class members' "PII with the reasonable expectation and mutual understanding that [Progressive] would comply with its obligations to keep such information confidential and secure from unauthorized access."[6]

On October 23, 2023, Progressive notified Plaintiffs and putative class members[7] of a data breach that occurred on September 11, 2023,[8] affecting sensitive data "including, but not limited to full names, addresses, phone numbers, Social Security numbers, dates of birth, bank account numbers, monthly gross incomes, and email addresses."[9] Progressive informed the affected individuals that "an unauthorized third-party was able to gain access to their] [sic] network and certain files containing personal information of some customers and employees."[10] Plaintiffs allege that Progressive learned of the breach on September 11, 2023, and while it took some steps to respond, failed to offer "sufficient information on how the breach occurred, what safeguards have been taken since then to safeguard further attacks, and/or where the information

---

[4] Class Action Compl. ¶¶ 27–28, ECF No. 1, filed Oct. 27, 2023. Unless otherwise indicated, the court draws background facts from the lowest-numbered case, No. 2:23-cv-00783.
[5] *Id.* at ¶¶ 11, 50–51.
[6] *Id.* at ¶ 47; *see id.* at ¶¶ 59–74 (discussing Progressive's purported statutory and common-law duties).
[7] Plaintiffs seek to certify the following class: "All individuals within the United States of America whose PII was exposed to unauthorized third parties as a result of the data breach discovered by Defendant on September 11, 2023." *Id.* at ¶ 30.
[8] ECF No. 1-1, No. 2:23-cv-00792 ("On September 11, 2023, we experienced a cybersecurity incident affecting certain Progressive Leasing systems, during which an unauthorized third-party was able to gain access to our network and to certain files containing personal information of some customers and employees.").
[9] Class Action Compl ¶¶ 22, 39.
[10] *Id.* at ¶ 40; *see id.* at ¶ 45 ("Upon information and belief, the unauthorized third-party cybercriminals gained access to . . . PII with the intent of misusing the PII, including marketing and selling . . . PII.").

hacked exists today."[11] At bottom, Plaintiffs contend Progressive is liable because it could have prevented the breach but for its negligence.[12] They seek monetary damages and injunctive and declaratory relief.[13]

Plaintiffs filed ten putative class actions between October 27, 2023, and November 15, 2023. On December 14, Plaintiffs filed the instant motion to consolidate.[14] A week later, Progressive filed its Notice of Non-Opposition.[15]

## STANDARD

Under Rule 42 of the Federal Rules of Civil Procedure, the court may consolidate actions "involv[ing] a common question of law or fact[.]"[16] The court's decision whether to do so "is discretionary and will not be reversed on appeal absent clear error or exigent circumstances[.]"[17] Initially, the court should decide if the actions involve a common question. If a common question of law or fact exists, "the court should [then] weigh the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice that consolidation might cause."[18] The movant has the burden to show that consolidation is proper.[19] Local rules further prescribe that a party may seek to consolidate cases if the party believes that the matters: "(1)

---

[11] *Id.* at ¶¶ 44, 48.
[12] *Id.* at ¶¶ 54–58; *see id.* at ¶¶ 99–188 (alleging claims for negligence, negligence per se, breach of confidence, breach of implied contract, breach of the implied duty of good faith and fair dealing, breach of fiduciary duty, unjust enrichment, and declaratory judgment).
[13] *Id.* at 41–43.
[14] *See* Mot. to Consolidate. All cases' representative plaintiffs certify that they support the instant motion.
[15] Def.'s Notice of Non-Opp'n to Pl.'s Mot. to Consolidate Related Actions, ECF No. 21.
[16] Fed. R. Civ. P. 42(a).
[17] *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978).
[18] *Cheney v. Judd*, 429 F. Supp. 3d 931, 936 (D.N.M. 2019) (citation omitted); *see French v. Am. Airlines*, No. 2:08-cv-00638, 2009 WL 1578288, at *2 (D. Utah June 2, 2009) ("Consolidation may be inappropriate where 'the two actions are at such widely separate stages of preparation [that] consolidation of [the] cases would cause further delay and could prejudice the parties.'" (alterations in original) (citation omitted)).
[19] *See Servants of Paraclete, Inc. v. Great Am. Ins. Co.*, 866 F. Supp. 1560, 1572 (D.N.M. 1994) (citing 5 James W. Moore & Jeremy C. Wicker, *Moore's Federal Practice* ¶ 42.04[1], p. 42–6 (1994)).

arise from substantially the same transaction or event; (2) involve substantially the same parties or property; (3) involve the same patent, trademark, or copyright; (4) call for determination of substantially the same questions of law; or (5) . . . would entail substantial duplication of labor or unnecessary court costs or delay if heard by different judges."[20]

## DISCUSSION

Plaintiffs contend that the respective complaints assert "common causes of action against the same [d]efendant . . . relating to the same factual allegations, and . . . seek the same relief" for the September 11, 2023 data breach.[21] The court first examines whether the cases present a common legal or factual question.

Having reviewed the complaints, the court finds that the actions arise from a common set of alleged facts. Plaintiffs are individuals allegedly affected by a data breach implicating PII held by Progressive on September 11, 2023.[22] The same party, Progressive, defends against the common allegations. Plaintiffs allege that putative class members entrusted Progressive with their PII, that Progressive had a duty to safeguard the PII, that Progressive's negligence caused the breach, and that putative class members suffered injuries.[23] And in all cases, Plaintiffs seek the same relief: monetary damages, an injunction, and declaratory relief.

The court next balances the judicial convenience gained from consolidation against any likelihood of delay, confusion, or prejudice. Plaintiffs argue that consolidation will "avoid delay, duplicative litigation efforts, and the risk of inconsistent rulings, without prejudicing any

---

[20] DUCivR 42-1(a).
[21] Mot. to Consolidate 6.
[22] *See, e.g.*, ECF No. 1-1, No. 2:23-cv-00792 (Notice of Data Breach).
[23] *See generally* Class Action Compl., No. 2:23-cv-00783; ECF No. 1, No. 2:23-cv-00787; ECF No. 1, No. 2:23-cv-00792; ECF No. 1, No. 2:23-cv-00797; ECF No. 1, No. 2:23-cv-00799; ECF No. 1, No. 2:23-cv-00800; ECF No. 1, No. 2:23-cv-00813; ECF No. 1, No. 2:23-cv-00821; ECF No. 1, No. 2:23-cv-00823; ECF No. 1, No. 2-23-cv-00837.

party."[24] Consolidating the ten cases would simplify pretrial matters. The court and the parties would conserve resources by not having to conduct ten separate iterations of discovery and motion practice. And combining the cases will prevent any possible inconsistent rulings on the same facts. For these reasons, consolidation would promote judicial efficiency and convenience.

Weighing against this gain in judicial conservation is a negligible risk of delay, confusion, or prejudice. The ten cases are in the early stages of litigation; they are in the same procedural posture.[25] Consolidation would therefore not delay matters or confuse parties.[26] There would be no delayed adjudications because no party has filed a motion other than the instant one for consolidation. And prejudice would not likely result to either party. Plaintiffs collectively move for consolidation, and Progressive does not oppose the motion.

Overall, consolidation will benefit the parties "because doing so will save considerable time and expense by determining dispositive issues within the same action or by litigating a single trial rather than t[en] . . . ."[27] As such, the court finds that the judicial interest in consolidation far outweighs any possible risk of delay, confusion, or prejudice.

## ORDER

Accordingly, the court HEREBY GRANTS Plaintiffs' Joint Motion to Consolidate Related Actions[28] and ORDERS the following:

---

[24] Mot. to Consolidate 6.
[25] *See, e.g.*, *Ulibarri v. Novartis Pharms. Corp.*, 303 F.R.D. 402, 404 (D.N.M. 2014) (rejecting consolidation in part because the cases were in a different procedural posture).
[26] *See Bellwether Cmty. Credit Union v. Chipotle Mex. Grill, Inc.*, No. 17-cv-1102, 2017 U.S. Dist. LEXIS 142626, at *3 (D. Colo. Sept. 1, 2017) ("Although the precise details of each case are somewhat different, both 'actions are substantively identical and are in the same stage of litigation.'" (citation omitted)).
[27] *XPO Logistics, Inc. v. Peterson*, No. 2:15-cv-00703, 2022 WL 1469397, at *2 (D. Utah May 10, 2022).
[28] ECF No. 19.

1. Pursuant to Federal Rule of Civil Procedure 42, the court hereby consolidates the ten related actions[29] into the case styled *In re Progressive Leasing Breach Litigation*, Case No. 2:23-cv-00783 (the "Consolidated Action").[30]

2. No further filings shall be made in the following cases: No. 2:23-cv-00787, No. 2:23-cv-00792, No. 2:23-cv-00797, No. 2:23-cv-00799, No. 2:23-cv-00800, No. 2:23-cv-00813, No. 2:23-cv-00821, No. 2:23-cv-00823, and No. 2:23-cv-00837. The clerk of court shall administratively close these nine cases. All pleadings therein maintain their legal relevance until the filing of the Consolidated Class Action Complaint (the "Consolidated Complaint").

3. All papers previously filed and served to date in the Related Actions are deemed part of the record in the Consolidated Action.

Signed January 10, 2024.

BY THE COURT

_____
David Barlow
United States District Judge

---

[29] *Dreger v. Progressive Leasing LLC*, No. 2:23-cv-00783 (D. Utah filed Oct. 27, 2023); *Bell v. Progressive Leasing*, No. 2:23-cv-00787 (D. Utah filed Oct. 30, 2023); *Whitmore v. Progressive Leasing, LLC*, No. 2:23-cv-00792 (D. Utah filed Oct. 31, 2023); *Maddox v. Prog Leasing, LLC*, No. 2:23-cv-00797 (D. Utah filed Nov. 2, 2023); *Pierce v. Progressive Leasing*, No. 2:23-cv-00799 (D. Utah filed Nov. 2, 2023); *Boyd v. Prog Leasing LLC*, No. 2:23-cv-00800 (D. Utah filed Nov. 2, 2023); *Guzman v. Prog Leasing, LLC*, No. 2:23-cv-00813 (D. Utah filed Nov. 7, 2023); *Hawes v. Progressive Leasing*, No. 2:23-cv-00821 (D. Utah filed Nov. 8, 2023); *Alexander v. Progressive Leasing*, No. 2:23-cv-00823 (D. Utah filed Nov. 9, 2023); *Williams v. Prog Leasing, LLC*, No. 2-23-cv-00837 (D. Utah filed Nov. 15, 2023).

[30] *See* DUCivR 42-1(b).